IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAM BALBOA | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 2:15-cv-452 |
| | § | JURY TRIAL |
| NUECES COUNTY, TEXAS; and | § | |
| F. MARTINEZ, *Individually* | § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Sam Balboa, filing this, his *Plaintiff's First Amended Original Complaint*, and bringing this action against Nueces County, Texas, and F. Martinez, *Individually,* as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C. § 1391(b).

### PARTIES

2. Plaintiff Sam Balboa (hereinafter "Plaintiff") is a resident of Nueces County, Texas.

3. Defendant Nueces County, Texas, (hereinafter "County"), is a political subdivision of the State of Texas, has waived service pursuant to Rule 4 and made an appearance in the case.

4.      Defendant F. Martinez (hereinafter "Martinez") was, at all times material to this suit, an officer employed by Defendant County (in particular, the Nueces County Constable, Precinct 3). Each of the acts complained of herein arises from the conduct of Defendant Martinez while acting under color of state law and during his employment with Defendant County. Defendant Martinez has waived service pursuant to Rule 4 and made an appearance in the case.

### FACTS

5.      Whenever, in this complaint it is alleged that Defendant County did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant County or done in the normal and routine course and scope of employment of Defendant County and/or Defendant County's officers, agents, servants, employees or representatives.

6.      On the evening of May 31, 2014, Plaintiff was at his father-in-law's residence playing pool in their garage. Plaintiff stepped outside because he saw taillights on the back of the property and was curious as to who was on his father-in-law's property. While Plaintiff and his father-in-law were outside, a wrecker service truck showed up and the driver informed Plaintiff that some "illegals" had come onto the property and jumped out and ran. Plaintiff grabbed his pistol (which he is licensed to carry) and went to the back of his father-in-law's house, where he stayed for about ten (10) minutes. Plaintiff began to walk towards the area where the occurrence had occurred when an officer approached him. Plaintiff informed the officer who he was and that he is a CHL holder and had a pistol in his pocket. The officer then handcuffed Plaintiff, put him in the back of a patrol car, and began questioning him. Plaintiff did not have any identification on him and informed the officer that all of the information was in his truck which

was parked in front of the house. The officers went to Plaintiff's truck and obtained his identification and his CHL license. At that point, the officers took Plaintiff out of the patrol car, removed the handcuffs, returned his pistol to him with the bullets removed and released him. Plaintiff went back to the garage and spoke with his father-in-law, who informed Plaintiff that the officers were looking through his truck. Plaintiff went to his truck to look for his wallet and noticed that both of his identification and his CHL were missing and were nowhere to be found. Plaintiff called the Bishop Police Department and reached a very rude lady at the dispatch who told him that they did not have his information and for Plaintiff to call the Texas Department of Public Safety.

7.      Thereafter at about 10:41 p.m., Plaintiff received a phone call from the Bishop Police Department informing him that they did in fact have his personal information. Plaintiff informed his wife and asked her if she would go with him to pick up his driver's license and CHL from the Bishop Police Department. Plaintiff's wife drove Plaintiff to the Bishop Police Department, along with Plaintiff's son and his cousin. When they arrived, Plaintiff's wife went inside the Bishop Police Department to retrieve the licenses, while Plaintiff stayed in the car with the children. When Plaintiff's wife was getting back in the truck, she kindly asked the officers if they needed a warrant to search someone's vehicle. At that point, one of the officers became enraged and called for backup. Defendant Martinez then showed up, pulled the keys out of Plaintiff's vehicle, drew his gun on Plaintiff and told Plaintiff to "get the FUCK out." As Plaintiff was opening his door to get out of the truck and discuss the matter with the officers, Defendant Martinez (and another officer) pulled Plaintiff out of the vehicle and threw Plaintiff viciously to the ground. While Plaintiff had his hands up, one of the officers (presumably Martinez, but certainly another in Martinez's presence) was yelling "taze his ass, taze his ass."

8. Plaintiff was then taken into the station to "talk to him." Defendant Martinez and another officer began berating Plaintiff and using vulgar, offensive language, stating that Plaintiff and his father-in-law are "stupid mother fuckers" and other such insults. Plaintiff asked the officers (including Defendant Martinez) to be civil and stated that he was not using any vulgar language towards either/any of them. This seemed to make the officers even more irate, telling Plaintiff to "shut the fuck up." The officers (including Defendant Martinez) then asked Plaintiff why he was at the department and Plaintiff informed them that the dispatcher had called him and told him that they had his property and that he was merely there to pick it up. The officers left for a bit and then came back and said that he was a liar. Plaintiff then requested to talk to the chief of police. The officers left and returned and informed Plaintiff that they spoke to the chief of police and that he told them to "throw everything at them that they could." They then informed Plaintiff that they were arresting him. Plaintiff asked what he was being arrested for and they told him "resisting arrest."

9. As a result of Defendant Officers' actions, Plaintiff sustained numerous injuries to his body, including, but not limited to, pains in his wrists, left foot, left calf, chest, back of head, and groin area.

10. In addition, Plaintiff was charged with resisting arrest by Defendant Martinez and/or Defendant County. Such charge was later dismissed after Plaintiff was forced to retain and pay for legal services.

11. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, Defendant Martinez was the agent and employee of Defendant County and was acting within such agency and employment and that each Defendant was acting under color of state law.

12. Moreover, Defendant Martinez's acts amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such an attack on any person seized and in the position of Plaintiff, who was in custody and/or control of law enforcement for no lawful reason.

13. At all pertinent times, Defendant County (by and though the Nueces County Constable's Office) authorized and ratified the wrongful and tortuous acts and/or omissions of Defendant Martinez.

## FIRST CLAIM FOR RELIEF - - §1983

14. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

15. The state action requirement for standing under 42 U.S.C. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, Defendant Martinez was the agent and/or employee of Defendant County and was acting under color of state law.

16. 42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such,

Plaintiff alleges that Defendants, jointly and/or severally deprived him of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

a) by using excessive force in the course of Defendants' custody of Plaintiff in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully assaulted. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; and

b) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Plaintiff; and

c) by falsely and maliciously charging Plaintiff with the commission of a crime without probable cause to believe that such crime had occurred and on the sole basis of hatred and/or anger and/or in retaliation for first amendment speech/actions.

17. The Fourth Amendment guarantees security from unreasonable search and seizure. It includes the expectation of privacy, the right to be free from arrests without probable cause to believe the arrested person committed a crime. Accordingly, Plaintiff alleges that he was subjected to an unreasonable search and seizure, had his expectation of privacy violated, was detained without reasonable suspicion and/or probable cause, was subjected to physical abuse and unreasonable excessive force.

18. **§ 1983 - Excessive Force**. Plaintiff pleads that Defendant Martinez used excessive force and/or deadly force in the course of Defendant Martinez's supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Plaintiff, in violation of the Fourth

Amendment and its "reasonableness" standard.  Plaintiff therefore pleads that he was unlawfully assaulted and physically beaten by Defendant Martinez and/or Defendant Martinez was allowed to be beaten by others.  Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

19. Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation.  Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions.

20. **§ 1983 - Search & Seizure**.  Furthermore, when a person, such as Plaintiff is seized and is not a "suspect" and has committed no crime, but is forced to undergo police escalation and brutality of the situation, the importance of the governmental interests alleged to justify the intrusion is necessarily diminished.  As such, the actions and/or omissions of said officers cannot be justified under the circumstances of the instant case.

21. Likewise, Defendants are liable if they conduct the search or seizure in an abusive manner even if they have the lawful authority to conduct the search and seizure.  Plaintiff in this situation is protected by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution.  The right to security in person and property protected by the Fourth Amendment may be invaded in quite different ways by searches and seizures.  A search comprises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property.  In this instance, the search of Plaintiff ran afoul of the Fourth Amendment because the search was conducted in an unnecessarily cruel, painful, and/or dangerous manner.  Indeed, Plaintiff was thrown to the ground by Defendant Martinez.

22. **§ 1983 - Municipal liability.**  It is also well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures.  A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.  In this case, Defendant County is liable because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures, excessive force and/or violating their rights to be free of unwanton search and seizure.  Defendant Martinez's actions were a customary practice and/or policy or procedure that was sanctioned by Defendant County out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions.  Liability for the Defendant County is established under §1983 because the assault and use of excessive force, with little or no justification, and/or to overstep the bounds of search and seizures is a persistent, widespread practice of county employees -- namely law enforcement officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. Defendant County has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers beating citizens establishes custom and accession to that custom by Defendant County's policy makers. Defendant County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision.  In the alternative, Defendant County is liable under §1983 for failure to adopt a policy precluding officers from beating citizens and/or retaliating for the use of first amendment speech because such failure to adopt such a policy is one of intentional choice.

Case 2:15-cv-00452   Document 26   Filed on 08/29/16 in TXSD   Page 9 of 15

23.     Moreover, Defendant County is liable for inadequate training of law enforcement officers under §1983. Liability attaches to the Defendant County because Defendant County's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Plaintiff alleges that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach new police persons that beating citizens violates citizens' constitutional rights and/or what constitutes an actual crime and/or probable cause to detain and/or arrest. As such, the deficiency in training actually caused Defendants to violate Plaintiff's constitutional rights.

24.     **§ 1983 - Qualified Good Faith Immunity**. Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective. Defendant Martinez's actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law." The determination of objective reasonableness must be based on a version of the facts most favorable to Plaintiff. To the extent that credibility questions exist, a fact-finder continues to be necessary. In the instant case, Plaintiff alleges that Defendant Martinez is not entitled to claim "qualified good faith immunity." Importantly, Defendant Martinez never had a good faith belief in his conduct because he acted in a manner demonstrating that he was plainly incompetent and knowingly violated Plaintiff's civil rights. Any reason given by Defendant Martinez for his unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because he was never in danger nor were any other persons in the vicinity in danger of Plaintiff. Plaintiff has asserted a violation of his constitutional right to be free from unreasonable search and seizure and his right to privacy;

9

this right was clearly established at the time of Defendant Martinez's actions. Moreover, Defendant Martinez's actions were objectively unreasonable in the sense that he knew or reasonably should have known that the actions taken within their authority or responsibility would violate the constitutional rights of Plaintiff.

25. **§1983 - False Arrest and/or False Imprisonment**. Plaintiff further alleges that Defendants, jointly and/or severally, have violated his Fourth Amendment rights when he was falsely arrested and detained.

26. Plaintiff pleads a § 1983 claim for false arrest under the Fourth Amendment as Defendants arrested him without probable cause. Defendants did not have probable cause to arrest Plaintiff because the facts and circumstances within their knowledge was not reasonably sufficient to warrant a prudent officer to believe that he had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that a mere conversation warranted Plaintiff's arrest.

27. **§ 1983 - Malicious Prosecution**. Plaintiff also pleads a cause of action for malicious prosecution under §1983. Defendants, acting under color of state authority, maliciously charged Plaintiff with resisting arrest and tendered false information concerning said charge to the prosecutor which leads that person to believe that probable cause exists when there is none. Additionally, Plaintiff can demonstrate that the prosecution that is central to his civil lawsuit terminated in his favor. Defendants not only caused the prosecution to be brought, but were prepared to testify, and submitted information in such regard, in aid of such prosecution. Said prosecution terminated in favor of Plaintiff. Defendants acted without probable cause and with malice and caused Plaintiff to expend funds in hiring an attorney and further caused Plaintiff to suffer mental anguish damages.

**SECOND CLAIM FOR RELIEF - - Texas - - False Arrest and False Imprisonment**

28.     The claims brought by Plaintiff under this section only apply to Defendant Martinez in his individual capacity.  Any reference to "Defendant" in this section only applies to Defendant Martinez and does not include Defendant County.

29.     As a pendent state cause of action, at all times material and relevant herein, Defendant Martinez, by acts and/or omissions and under color of state law, willfully detained Plaintiff without the consent of him and without authority of law.  Plaintiff pleads false imprisonment as Defendant Martinez had the intent to confine him, and carried out the intent by putting Plaintiff in a position so that he could not move, let alone leave. Said confinement resulted in harmful detention, without consent, and without authority of law.

**THIRD CLAIM FOR RELIEF - - Texas  - - Intentional Infliction of Emotional Duress**

30.     The claims brought by Plaintiff under this section only apply to Defendant Martinez in his individual capacity.  Any reference to "Defendant" in this section only applies to Defendant Martinez and does not include Defendant County.

31.     As a pendent state cause of action, at all times material and relevant herein, Defendant Martinez, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Plaintiff, thereby he claims the tort of intentional infliction of emotional distress.  Plaintiff alleges that Defendant Martinez, acted intentionally and/or recklessly when beating him and further alleges that such conduct was extreme and outrageous. The actions of Defendant Martinez caused Plaintiff to suffer emotional distress; and the emotional distress suffered by him was so severe that it required treatment --  no reasonable person should be expected to endure such.

**FOURTH CLAIM FOR RELIEF - - Texas - - Assault & Battery**

32. The claims brought by Plaintiff under this section only apply to Defendant Martinez in his individual capacity. Any reference to "Defendant" in this section only applies to Defendant Martinez and does not include Defendant County.

33. As a pendent state cause of action, at all times material and relevant herein, Defendant Martinez, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff through uncontested physical contact with Plaintiff.

34. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Defendant Martinez committed an assault upon him when Defendant Martinez intentionally, knowingly, and/or recklessly forcibly grabbed Plaintiff and proceeded to assault him. At no time did Plaintiff consent to such treatment. Said assaultive conduct of Defendant Martinez was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of Defendant Martinez's wrongful act and a natural and direct result of the assault.

35. At no time was Defendant Martinez privileged to take such action because the use of force was not necessary. Moreover, Defendant Martinez's assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force. Put differently, at no time was Plaintiff fleeing or about to flee, nor was anyone (including Defendant Martinez) ever in danger.

**FIFTH CLAIM FOR RELIEF - - Texas - - Malicious Prosecution**

36.    The claims brought by Plaintiff under this section only apply to Defendant Martinez in his individual capacity.  Any reference to "Defendant" in this section only applies to Defendant Martinez and does not include Defendant County.

37.    As a pendent state cause of action, at all times material and relevant herein, Defendant Martinez, by acts and/or omissions and under color of state law, instituted criminal proceedings against Plaintiff with malice and under color of state law.  Hence, Plaintiff also pleads a cause of action for malicious prosecution under state law of Texas and said claim is set forth above.

**DAMAGES**

38.    As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, personal humiliation and shock.

39.    Said injuries have caused Plaintiff to incur special damages which include but are not limited to:  past medical expenses and lost wages.

40.    Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees.   Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

41.    In addition, Plaintiff prays for punitive damages against Defendant Martinez.  Punitive damages are designed to punish and deter persons such as Defendant Martinez who have engaged in egregious wrongdoing.  Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others.   While municipal

defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiff alleges and prays for punitive damages against Defendant Martinez, as Defendant Martinez actually knew that his conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against Defendant Martinez in an amount to punish and/or deter and to make an example of Defendant Martinez in order to prevent similar future conduct; and, that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

GALE LAW GROUP
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361)808-4444
Telecopier: (361)232-4139


By: /s/ Christopher J. Gale
    Christopher J. Gale
    Southern District Bar No: 27257
    Texas Bar No.: 00793766
    E-mail: Chris@GaleLawGroup.com
*Attorney-in-Charge for Plaintiff*

By: /s/ Amie Augenstein

>Amie Augenstein
>Southern District Bar No.: 2236723
>Texas Bar No: 24085184
>E-mail:  Amie@GaleLawGroup.com
>*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).

### NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 29th day of August, 2016.

>/s/ Christopher J. Gale
>Christopher J. Gale

### CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of August, 2016, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

Jenny Cron Boyd                              *Via E-File Notification*
NUECES COUNTY ATTORNEY'S OFFICE
901 Leopard St., Rm. 207
Corpus Christi, Texas 78401

>/s/ Christopher J. Gale
>Christopher J. Gale